### MONZANI *v.* MONZANI.

*(Supreme Court, Special Term, Kings County.    January, 1891.)*

GUARDIAN AND WARD—FORECLOSURE OF MORTGAGE—DUTY OF GUARDIAN.

Plaintiff's mother died intestate in 1876, seised of certain land subject to two mortgages, and left surviving her plaintiff, her sole heir at law, then nine years old, and defendant J., her husband, who was plaintiff's father.  In 1883, J., having married defendant E., procured the mortgages to be assigned to E., who foreclosed, and bought the land at the foreclosure sale for much less than its value.  J., in violation of his duty as plaintiff's guardian in socage, (1 Rev. St. N. Y. p. 718, § 5,) assisted in the foreclosure.  Plaintiff signed the consent for the appointment of the guardian *ad litem* in the foreclosure suit in consequence of J.'s representations that it was to his interest to sign it.  *Held,* that plaintiff would be decreed to be the owner of the land subject to J.'s curtesy, and subject to a lien in favor of E. for the amount of the mortgage debt, and an accounting for the rents and profits would be required.

Action by Richard P. Monzani against Julian T. Monzani and Eliza J. Monzani to set aside a decree foreclosing a mortgage on certain land, and to procure an adjudication that plaintiff was the owner of such land.  In 1876, plaintiff's mother, who was the owner of the land, then subject to mortgages amounting to $800, died intestate.  Plaintiff, who was nine years old at the death of his mother, was her sole heir, and defendant Julian T. Monzani was her surviving husband, and plaintiff's father.  In 1883, Julian T. Monzani, having married defendant Eliza Jane, procured the mortgages on the land in question to be assigned to her.  Defendant Eliza Jane foreclosed the mortgages, and purchased the premises at the foreclosure sale.

*Samuel Campbell, (Adolphus D. Page,* of counsel,) for plaintiff.    *Horace Graves,* for defendants.

BARTLETT, J.    The evidence in this case leaves no doubt in my mind that the foreclosure suit was merely a contrivance for depriving the plaintiff of his inheritance.  These defendants may have believed that this course was justifiable, because the property had originally been purchased with the husband's money, but that fact does not constitute any legal justification for their conduct.  The father was the plaintiff's guardian under the statute.  1 Rev. St. p. 718, § 5.[1]  He was also the life-tenant of the property.  As such it was his duty to pay the interest on the mortgage out of the rent.  *Wade* v. *Malloy,* 16 Hun, 226.  Instead of doing this he allowed the mortgages to be foreclosed, or, rather, he actively assisted his wife in bringing about the foreclosure.  In thus acting he ignored his obligation both as life-tenant and as guardian.  His son, a youth of dull capacity, was afraid of him, and signed the consent for the appointment of the guardian *ad litem* in the foreclosure suit in ignorance of the nature or effect of the paper, and in consequence of his father's representations that it was for his interest to sign it.  The price

---

[1] 1 Rev. St. N. Y. p. 718, § 5, provides that, "where all estate in lands shall become vested in an infant, the guardianship of such infant, with the rights, powers, and duties of a guardian in socage, shall belong (1) to the father of the infant; (2) if there be no father, to the mother; (3) if there be no father or mother, to the nearest and eldest relative of full age, not being under any legal incapacity; and, as between relatives of the same degree of consanguinity, males shall be preferred."

realized on the foreclosure sale was $2,000 less than the uncontradicted evidence shows the property to have been worth, and the step-mother became the purchaser. The result of the whole transaction has been to transfer the title of the property from the son to the step-mother without a cent of compensation to the son, who was the owner of the fee. The plainest principles of equity demand that the son shall be restored, if possible, to the position he occupied before this scheme was carried through. Fortunately, this can be done without difficulty in the present case, as no rights of third parties have intervened. The plaintiff should be adjudged to be the owner of the premises in fee, subject to a life-estate as tenant by the curtesy on the part of his father, and subject also to a lien in favor of his step-mother to the amount of the mortgages which were assigned to her. The decree should further provide for an accounting by the defendants for the rents and profits which they have received, and the application of such portion thereof as may be necessary to satisfy the interest charges on the step-mother's lien. Provision may also be made for the payment of such interest charges as shall hereafter accrue out of the rents to be received by the life-tenant. Judgment is therefore directed in favor of the plaintiff in accordance with the views expressed in the opinion, with costs against both defendants.